IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ERNESTO VALLES MORENO | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:13cv624 |
| | | Crim. No. 6:09cr100(4) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Ernesto Valles Moreno, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Moreno was indicted on charges of conspiracy to distribute cocaine and possession with intent to distribute cocaine. On April 1, 2011, he was charged in a one-count information with conspiracy to possess with intent to distribute over 500 grams of cocaine. That same day, he entered a plea of guilty to the information pursuant to a written plea agreement. The factual resume offered by the Government, which Moreno signed, specified that Moreno had provided approximately three kilograms of cocaine for distribution on July 1, 2009, and another three kilograms of cocaine for distribution on July 13, 2009. He received a sentence of 150 months in prison.

Moreno took a direct appeal, and counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) certifying that there was no non-frivolous grounds for appeal. The Fifth Circuit dismissed the appeal as frivolous on March 13, 2013.

In his §2255 motion to vacate sentence, Moreno asserted that counsel rendered ineffective assistance by failing to object to the base offense level of 30 and failing to inform the Court that Moreno had entered a plea to only three kilograms of cocaine rather than the 3.5 kilograms for which he was sentenced. Moreno also complained that the Government had breached the plea bargain because he and the Government had agreed he would only be sentenced for three kilograms of cocaine, and that the quantity of drugs had not been stipulated as part of the plea agreement or submitted to a jury to be proven beyond a reasonable doubt, as required by the Supreme Court in United States v. Alleyne, 133 S.Ct. 2151 (2013). The Government filed an answer arguing that Moreno's claims are barred by the waiver of appeal provision in his plea agreement and that they lack merit in any event. Moreno filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Moreno's motion to vacate or correct his sentence be denied. The Magistrate Judge examined that waiver of appeal provision and determined that Moreno's claims of failure to object to the sentencing recommendation and that the quantity of drugs was not stipulated in the plea agreement or proven beyond a reasonable doubt were barred by the waiver of appeal provision. Nonetheless, the Magistrate Judge addressed each of Moreno's claims on the merits.

Although Moreno insists he was promised that he would only be sentenced based on three kilograms of cocaine, he pointed to nothing in the record to substantiate this assertion. At sentencing, the Court announced that Moreno had an offense level of 27, and his attorney, Jim Huggler, stated that Moreno actually had an offense level of 30, with three points deducted for acceptance of responsibility. The prosecutor, Jim Noble, said that although Moreno had admitted trafficking over six kilograms of cocaine, the Government had agreed to a guideline range reflecting less than five kilograms, meaning that Moreno was already two levels lower than he would have been without the agreement.

The plea agreement specified that the base offense would be 30 because the offense, including relevant conduct, involved at least 3.5 kilograms of cocaine. After the plea agreement was

2

summarized in open court, Moreno testified that those were the terms of the agreement, no one had made any other promises to him or tried to force him to plead guilty, and he was pleading guilty because he was guilty and for no other reason.

The Magistrate Judge stated that Moreno's own testimony and the documents he signed belied his claim that he was promised he would only be sentenced based on three kilograms rather than 3.5 to five kilograms. Moreno failed to show that he received ineffective assistance of counsel in this regard, and his conclusory assertions about the existence of such a promise were not sufficient to support a claim for §2255 relief.

With regard to Moreno's claim that the drug quantity had to be part of the plea agreement or proven beyond a reasonable doubt, the Magistrate Judge observed that <u>Alleyne</u> held that any fact which increases the mandatory minimum sentence for a crime is an element of the crime and not a sentencing factor, and thus must be proven beyond a reasonable doubt. In this case, the information charged Moreno with conspiracy to distribute over 500 grams of cocaine, which carries a mandatory minimum sentence of five years in prison. The finding that Moreno was responsible for 3.5 to five kilograms of cocaine did not alter the mandatory minimum sentence, because the mandatory minimum sentence only rises when the defendant is charged with five kilograms or more. Furthermore, the Magistrate Judge noted that Moreno's plea bargain specified that the base offense level was 30 because the offense, including relevant conduct, involved at least 3.5 kilograms of cocaine. The Magistrate Judge therefore concluded that <u>Alleyne</u> did not apply and that Moreno's claims were without merit.

In his objections, Moreno states that he waived his indictment and was pleading to the information that he says "clearly read in the criminal complaint that Petitioner was responsible for 3 (three) kilograms of cocaine, which to petitioner's understanding was a base offense level of 28. He states that had counsel been effective, he would not have advised Moreno to sign the plea agreement when there was a discrepancy with the information. Moreno contends that the plea agreement provided for an offense level of 30, based on 3.5 kilograms of cocaine, when the

information charged him with responsibility for three kilograms of cocaine, carrying an offense level of 28.

The information to which Moreno pleaded guilty reads, in its entirety, as follows:

Beginning at a date unknown and continuing thereafter up to and through July 14, 2009, in the Eastern District of Texas, and elsewhere, **Ernesto Valles Moreno**, defendant herein, did knowingly and intentionally, conspire, confederate, and agree with others known and unknown, to violate a law of the United States, to wit, 21 U.S.C. §841(a)(1), prohibiting the knowing and intentional possession, with intent to distribute, a controlled substance, to-wit: over 500 Grams of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers.

In violation of 21 U.S.C. §846 and 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(ii)(II) and 18 U.S.C. 2.

Moreno's contention that the information charged him with three kilograms of cocaine, and that the information thereby conflicted with the plea agreement, is unsupported by the record. This claim is without merit.

Next, Moreno says that he was charged in the information with three kilograms, but this was "enhanced" to 3.5 kilograms in the guilty plea, which enhancement raised the statutory maximum and minimum levels. As the Magistrate Judge stated, the information charged Moreno with possession of "over 500 grams," not three kilograms, and so the fact he was ultimately sentenced based on possession of 3.5 kilograms does not represent an enhancement over what the information charged. More pertinently, as the Magistrate Judge also stated, the statutory minimum sentence for three kilograms and 3.5 kilograms is the same, meaning that Alleyne does not apply even had there been an enhancement. Moreno's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled motion to vacate or correct sentence is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Movant Ernesto Valles Moreno is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 12th day of June, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE